UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| WENDY HOWARD | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | |
| SPIRIT AEROSYSTEMS, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Wendy Howard, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Spirit Aerosystems, Inc., stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count III of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Counts IV-V of this Complaint, which arises out of the same transaction or occurrence as Counts I-III.

4. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Lenoir, NC.

5. Plaintiff exhausted all administrative remedies in this matter.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

7. Plaintiff is a citizen of the United States and a resident of Lenoir County, NC.

8. Defendant is a corporation registered to conduct business in the State of North Carolina.

9. Defendant may be served through its registered agent, Corporation Service Company, located at 2626 Glenwood Ave, Ste 550, Raleigh, NC 27608.

10. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

11. Defendant is subject to the requirements of Title VII, the ADA, and North Carolina common law.

## III. FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a Composite Tech in Kinston, North Carolina.

13. From 2010-2016, Plaintiff ran a US-30 ultrasonic cutting machine in Defendant's plant.

14. In 2016, she was moved to the position of "Crib" Attendant.

15. The Crib is enclosed by a chain-link fence and houses inventory and supplies.

16. As the Crib Attendant. Plaintiff was responsible for keeping track of these materials.

17. On May 3, 2018, Plaintiff went on FMLA leave for a torn meniscus.

18. The leave was initially supposed to last 6-8 weeks, but following the scope for her torn meniscus, Plaintiff's doctor recommended that she have a total knee replacement.

19. Plaintiff had her knee replaced on August 19, 2018.

20. Plaintiff remained on Long-Term Disability (LTD) until February 25, 2019, when she was released to work by her physician.

21. Throughout Plaintiff's period of leave under LTD, she remained substantially limited in her ability to walk.

22. On or about February 25, 2019, Plaintiff contacted her supervisor, Mr. Ed Gibson, to coordinate her return to work.

23. From February 25, 2019, to March 3, 2019, Plaintiff worked in the Crib.

24. From March 3, 2019, to April 9, 2019, Plaintiff worked on the "Eastman" machine.

25. Neither the Crib nor the Eastman positions are physically demanding.

26. Plaintiff could perform all essential duties for both the Crib and Eastman machine without an accommodation for her disability.

27. Beginning on or about April 9, 2021 Mr. Gibson moved Plaintiff from the Eastman machine to the Move Team.

28. As a member of the Move Team, Plaintiff was expected to walk long distances on a concrete floor as a spotter for co-workers moving equipment.

29. Plaintiff had never been a member of the Move Team.

30. Just days prior to assigning Plaintiff to the Move Team, Mr. Gibson moved an employee named Mike Collier from the Move Team to Crib Attendant.

31. Upon information and belief, Mr. Gibson did this after Mr. Collier complained that working on the Move Team hurt his back.

32. On or about April 10, 2019, Plaintiff told Mr. Gibson that walking all day on the concrete floor hurt her knees, and she requested that she be moved back to the Eastman machine or the Crib.

33. Mr. Gibson told Plaintiff that she would need to get a doctor's note.

34. Upon information and belief, Mr. Gibson did not ask Mr. Collier for a doctor's note before moving him from the Move Team.

35. Several days after Mr. Gibson requested the doctor's note, Plaintiff provided Mr. Gibson

with documentation from her doctor that listed excessive walking and standing as a permanent restriction.

36. On June 13, 2019, Spirit terminated Plaintiff.

37. According to Mr. Jason Trull, HR representative, Spirit reviewed her doctor's note and determined that she could not be accommodated due to the standing required by the Eastman machine.

38. Plaintiff explained that she had been performing the Eastman machine since April 2019 and did not find the standing requirements to be excessive.

39. Despite Plaintiff's ability to perform the Eastman and Crib positions without an accommodation, Spirit did not rescind the termination.

40. Spirit replaced Plaintiff by re-hiring an individual named Ryan Merrill, who had been terminated for performance issues on or around March 1, 2019.

41. Upon information and belief, Mr. Merrill did not have a disability, nor did he have a record of disability.

42. Upon information and belief, Defendant did not regard Mr. Merrill as disabled.

## IV. CLAIMS FOR RELIEF

## COUNT I - ADA DISCRIMINATION

43. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

44. Plaintiff is a qualified individual with a disability.

45. Plaintiff had a record of disability as defined by the ADA.

46. Defendant was aware of Plaintiff's disabling condition and her record of disability.

47. Defendant also regarded Plaintiff as disabled.

48. Plaintiff suffered the adverse action of termination.

49. The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory based on Defendant's perception of Plaintiff's disability.

## COUNT II - ADA FAILURE TO ACCOMMODATE

50. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

51. Plaintiff is a qualified individual with a disability.

52. Plaintiff had a record of disability as defined by the ADA.

53. Defendant was aware of Plaintiff's disabling condition and her record of disability.

54. Plaintiff requested the reasonable accommodation of being assigned to the Crib or Eastman machine rather than the Move Team, because the latter exacerbated the symptoms of her knee condition.

55. Defendant was aware of Plaintiff's disabling condition and of her accommodation request.

56. Defendant failed to properly engage in the interactive process and then terminated Plaintiff.

## COUNT III - TITLE VII GENDER DISCRIMINATION

57. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

58. Plaintiff is female and therefore a member of a protected class by virtue of her gender.

59. Plaintiff was qualified for multiple positions with Defendant.

60. Plaintiff suffered the adverse action of termination.

61. The circumstances of Plaintiff's termination serve as evidence that the adverse action was

discriminatory on the basis of Plaintiff's gender.

## COUNT IV - PUBLIC POLICY TERMINATION BASED ON NORTH CAROLINA COMMON LAW (GENDER)

62. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

63. As expressed in N.C. Gen. Stat. § 143-422.2(a), "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

64. Plaintiff is female.

65. Defendant terminated Plaintiff, which constitutes the adverse action.

66. The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory on the basis of Plaintiff's gender.

## COUNT V - PUBLIC POLICY TERMINATION BASED ON NORTH CAROLINA COMMON LAW (DISABILITY)

67. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

68. Plaintiff is a qualified individual with a disability, and she had a record of disability.

69. Defendant was aware of Plaintiff's disabling condition and her record of disability.

70. As expressed in N.C. Gen. Stat. § 143-422.2(a), "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

71. Defendant terminated Plaintiff, which constitutes the adverse action.

72. The circumstances of Plaintiff's termination raise an inference that Defendant was motivated by Plaintiff's record of disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA, Title VII and North Carolina common law; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 28th day of December, 2021.

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 28th day of December, 2021.

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com