IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-00188-D

| | |
|---|---|
| WENDY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT CONFIDENTIALITY** |
| ) | **ORDER** |
| SPIRIT AEROSYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

To adequately protect material entitled to be kept confidential, expedite the flow of discovery, and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks the confidentiality designation has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" may include: (a) personnel or personal information for current, former, or prospective employees of Defendant, its parents, subsidiaries, or affiliates, including any personnel database identifying such employees; (b) proprietary, sensitive, or otherwise confidential business or financial information; (c) financial records, medical records, insurance documents, other personal information; (d) any document or information designated as confidential in

accordance with paragraph 6 of this Order; and (e) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information under paragraph 2 may be challenged pursuant to paragraph 9 of this Order.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts, and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, reference, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. (a) The Producing Party may designate as Confidential Information the following, without limitation: (i) non-public information about current, former, or prospective employees of Defendant, its parents, subsidiaries, or affiliates, including personnel records, evaluations, compensation levels, databases, or other information incorporating or aggregating information pertaining to individuals, (ii) trade secrets or other non-public proprietary, strategic, or commercial information, data, or research of Defendant, its parents, subsidiaries, or affiliates; (iii) financial records, medical records, insurance documents, other personal information; and (iv) non-public financial

2

information, operating agreements, or other business formation or business operations documentation, which are entitled to some expectation of privacy.

(b) To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. Likewise, a party may designate a Document of multiple pages by placing a legend or stamp upon the first page of the document. Provided, however, the designating party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations. To the extent any Documents were designated Confidential Information prior to the entry of this Order, such Documents shall be governed by the provisions of this Order and given the same protections as those Documents designated Confidential Information following the entry of this Order.

(c) To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall: (a) make an oral statement to that effect on the record; or (b) notify the Recipient in writing at any time up until thirty (30) days after receipt of the transcript of such testimony, or thirty (30) days after the entry of this Order, whichever is later.

7. The Recipient of Confidential Information shall use such information solely in connection with this litigation, and shall not disclose Confidential Information to any person, except:

(a) The Parties and their agents;

3

(b) The Court and its officers (including court reporters) and jurors;

(c) Counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

(d) Expert witnesses or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein; and

(e) Fact witnesses who may be called upon to provide testimony by deposition or at trial or any court proceeding in this case, but only in accordance with the procedures set forth in paragraph 8 of this Order.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(d) or 7(e) of this Order only under the conditions set forth below:

(a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(a), 7(d), or 7(e) of this Order, the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

(b) Any person who receives Confidential Information pursuant to paragraphs 7(d) or 7(e) of this Order shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient.

(c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(d) or 7(e) of this Order shall maintain a list specifically identifying the person(s) to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential

4

Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable law. During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10. Inadvertent failure to designate Confidential Information in documents shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. All Confidential Information obtained by a Recipient in discovery in this litigation shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation. The Confidential Information shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude Defendant from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise

reproduce in written or any other form any part or portion of any Confidential Information, except as necessary for purposes of litigation.

12. Within fifteen (15) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall destroy all Confidential Information received from the Producing Party, all copies of such information, and any Documents incorporating such information; provided, counsel shall be permitted to maintain a copy of all such information as a part of his/her case files.

13. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents

6

and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

    14. The restrictions set forth in this Order shall not apply to:

        (a) Information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order; and

        (b) Defendant (or its parents, subsidiaries, or affiliates), with respect to their own information or information received or created during the normal course of their own business.

If Confidential Information becomes a matter of public record in any other manner, the owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order, even if it did not produce that information in discovery.

    15. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return the original and all copies of Documents containing the privileged information, delete any versions of the Documents containing the

7

Case 4:21-cv-00188-D   Document 18   Filed 12/12/22   Page 7 of 10

privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

16. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

17. In the event either party or their counsel obtain information from a third party that either party believes is Confidential Information, the party asserting confidentiality may designate such information as Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order. Should either party believe that such information obtained independently of discovery in this case should not be treated as Confidential Information, counsel for the parties shall confer and, if unable to reach agreement over the disputed material, the parties shall jointly present the issue for resolution by the Court.

18. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

19. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge

Dated: December 12, 2022

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONSENT CONFIDENTIALITY ORDER

I, _____ hereby acknowledge that I have received a copy of the Consent Confidentiality Order entered in the matter of *Wendy Howard v. Spirit Aerosystems, Inc.*, United States District Court for the Eastern District of North Carolina, Case No. 4:21-CV-00188-D. I have read and agree to be bound by all of the provisions of the Consent Confidentiality Order. I agree (a) not to divulge any Confidential Information to any other person; and (b) not to use any Confidential Information for any purpose other than this litigation. I also agree to return all Confidential Information to the party or attorney from whom I received it. By acknowledging these obligations under the Consent Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Consent Confidentiality Order could subject me to penalties for contempt of Court.

Printed name: _____

Signature: _____

Dated: _____

46856947.1